IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CRIMINAL NO. 3:07-468-CMC |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jesus Perez-Laguna, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Defendant's motion to "strike restitution order." ECF No. 370. Defendant contends that the court failed to take into account the actual loss to the victim when restitution was ordered at sentencing. Mot. at 1.

Defendant's motion is a second or successive motion for relief under § 2255, as he seeks to challenge a portion of his sentence imposed March 8, 2010.[1] Defendant's failure to seek permission to file a second or successive motion in the appropriate court of appeals prior to filing the motion in the district court is fatal to the outcome of any action on the motion in this court. Prior to filing a second or successive motion under § 2255, Defendant must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive motion. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

---

[1] Defendant's motion for relief under 28 U.S.C. § 2255 was dismissed with prejudice November 3, 2010. ECF No. 343.

1

Defendant's motion is dismissed without prejudice as this court is without jurisdiction to consider it.[2]

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**..

---

[2]To the extent this matter is a properly filed motion for relief, the Victims of Trafficking and Violence Protection Act of 2000 (TVPA) requires that the court "shall order restitution for any offense under this chapter." 18 U.S.C. § 1593. Section 1593 further provides that "[t]he order of restitution under this section shall direct the defendant to pay the victim . . . the full amount of the victim's losses, as determined by the court . . . ." Pursuant to § 1593(b)(1)(3), losses are defined to include "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.)." At sentencing, it was determined that Defendant received $52,500.00 in unlawful gains, which exceeded the $7,374.50 value of the victim's lost labor. Accordingly, Defendant was ordered to pay $52,500.00 in restitution. Accordingly, to the extent that this court retains jurisdiction to act on Defendant's motion, it is **denied**.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 3, 2014